PHELPS (PENDLETON v.). See Case No. 10.923.

PHELPS (RAWLE v.). See Case No. 11,588.

---

## Case No. 11,079.

PHELPS v. SELLICK.

[8 N. B. R. (1873) 390.] [1]

Circuit Court, E. D. Michigan.

BANKRUPTCY — FORECLOSURE OF MORTGAGE IN STATE COURT—CONTEMPT.

Where a mortgagee proceeded in the state court, after petition in bankruptcy was filed by the mortgagor, with knowledge thereof, to foreclose his mortgage, without first obtaining the permission of the bankrupt court, *held*, he was in contempt, and the sale itself a nullity; by the filing of the petition all the property of the bankrupt is eo instanti placed in the custody of the bankrupt court.

[Cited in Re California Pac. R. Co., Case No. 2,315; Re Sabin, Id. 12.193; Re Jordon, Id.

7.529; Re Hufnagel, Id. 6,837; Augustine v. McFarland, Id. 648; Re Brunquest, Id. 2,-055; Schulze v. Bolting, Id. 12,489; Re Sabin, Id. 12,195; Taylor v. Robertson, 21 Fed. 215.]

[Cited in Brooks v. Bates, 7 Colo. 576, 4 Pac. 1072.]

On demurrer to the bill of complaint. The bill is filed for the purpose of setting aside a foreclosure of a mortgage and sale of certain lands belonging to the bankrupt's estate, by advertisement, under the statute of Michigan, for the reasons: First, that the notice of sale was not sufficient under the said statutes; and, second, that the advertisement, foreclosure and sale, were had pending the bankruptcy, and without proof of the mortgage debt in the bankruptcy court, and without leave of that court first obtained. The demurrer is general. The important questions presented, especially the second one stated, have been argued with great ability and exhaustive research, and the same are now for decision. The objection as to the sufficiency of the notice of sale was abandoned, or, at least, was not insisted on upon the argument. The only question for decision is as to the right of a mortgagee to institute proceedings and foreclose his mortgage pending the bankruptcy of his mortgagor, without first proving his debt in the bankruptcy proceedings, and obtaining leave of the bankruptcy court in which such proceedings are pending.

Ashley Pond, for complainant.

G. V. N. Lothrop, for defendant.

LONGYEAR, District Judge. If this were a new question, I should deem it proper and necessary to go over the entire ground for the purpose of developing my own views in the premises. But the whole ground has been gone over so often, and every aspect of it so fully and exhaustively discussed, considered and decided, by so many of my brother judges, that an expression of my own views could be but a mere repetition of what has been already well. and, as it seems to me, sufficiently expressed. In my view of the state of judicial opinion and decision upon this question, it can hardly be considered an open one. It would seem, certainly, that the decisions of the supreme court (cited below) upon analogous questions arising under the bankrupt act of 1841 [5 Stat. 440], and the concurrent opinions and decisions (also cited below) under the present act of 1867 [14 Stat. 517], of at least twelve district judges, four circuit judges. and three associate justices of the supreme court, ought to be sufficient to establish any ordinary legal proposition. At all events, if I entertained any doubt upon the question, on principle (which I do not), I should hesitate long before attempting to overthrow such an array of judicial opinion and decision.

An analysis of the numerous cases cited would serve no useful purpose at all com-

[1] [Reprinted by permission.]

mensurate with the labor involved, and would extend this opinion to an unreasonable length. I have, however, examined them all by the aid and in the light of the able and enlightened arguments at the bar—for which aid I tender to the counsel on both sides my acknowledgement of obligation. I shall therefore do but little more than state the legal propositions applicable to the question involved, sustained by those decisions, and which I consider well founded in principle. These propositions are as follows:

1. That under the law, as it now exists and is administered in this state, and I believe in most of the states of the Union, a mortgage of real estate does not vest in the mortgagee any title or estate in the property. It is only a charge upon the property, and an incident merely to the debt thereby secured; the title, estate and possession, with all their incidents, remaining in the mortgagor. In addition to the authorities cited below, see, as to this proposition, 2 Comp. Laws Mich. 1871, p. 1775, par. 6263; Caruthers v. Humphrey, 12 Mich. 270; Van Husan v. Kanouse, 13 Mich. 303; Ladue v. Detroit & M. R. Co., Id. 380; Hogsett v. Ellis, 17 Mich. 351.

2. That all the estate and property of the bankrupt, and all his right and title to and interest in property, whether encumbered or unencumbered, are in custodia legis, and under the sole and exclusive jurisdiction and control of the bankruptcy court in which the proceedings are had, pending the proceedings, from the filing of the petition for adjudication to the close of the proceedings.

3. As a result of the second proposition, that no portion of the estate or the title thereto, or any interest therein, or charge thereon, can be sold, transferred, prosecuted or enforced, or in any manner interfered with, except under the direction and by authority of the bankruptcy court, and in all respects subject to its jurisdiction and control.

4. That recognizing the express provisions of the act in that regard, as well as the dictates of simple justice, all valid liens and encumbrances are recognized and preserved to their full extent and purpose by the bankruptcy court; but that, as a result of the second and third propositions, such liens and encumbrances can be enforced only by direction and authority, and under the jurisdiction and control of that court.

5. That any attempt to enforce such liens and encumbrances pending the bankruptcy, by the process of any other court, or by any authority whatsoever, without leave of the bankrutcy court first obtained, are in contempt of its jurisdiction and authority, and without any validity whatever, and on application will be restrained, if pending, or if completed will be set aside.

6. That it is competent, however, for the bankruptcy court to treat such process and proceedings as valid and binding upon the estate and persons interested therein; and that it will do so on application of the lien holder, and a showing by him that the estate and the other creditors will suffer no injury thereby.

7. That all the creditors of the bankrupt, secured as well as unsecured, become and are at once, by virtue of the bankruptcy, parties to the proceedings, and they and their debts are thereby brought under and subject to the sole and exclusive jurisdiction and control of the bankruptcy court; and that such jurisdiction and control exist and may be enforced as well before as after proof of debt.

8. That the only difference between a secured and an unsecured creditor is that relating to the fund or assets to which they are respectively entitled to resort for payment, the former being entitled to resort to a particular fund or portion of the assets, and to be paid in full if the proceeds of such fund or particular property is sufficient for that purpose, to the exclusion of all others, while the unsecured creditor can look only to the general assets, and must share the same equally with the other unsecured creditors.

9. That there is no difference whatever between a secured and an unsecured creditor as regards the mode or the proceedings necessary under the bankrupt act, by which they may be placed in a position to enforce their respective rights, that is to say, a secured creditor has no greater or better right to proceed against, or receive payment from, the particular fund or asset upon which he has a lien, without the necessary preliminary step of proving his debt in the bankruptcy, than an unsecured creditor has to proceed against, and receive payment from, the general assets, without such proof.

These propositions, so well founded in principle, are so inevitable as logical deductions, that they hardly need argument or authorities for support. The following selected cases fully sustain them, viz.: Ex parte Christy, 3 How. [44 U. S.] 312 et seq.; Norton's Assignee v. Boyd, Id. 435; Peck v. Jenness, 7 How. [48 U. S.] 624; McLean v. Rockey [Case No. 8,891]; In re Vogel [Id. 16,982]; In re Kerosene Oil Co. [Id. 7,726]; In re Wynne [Id. 18,117]; In re Mallory [Id. 8,991]; In re McGilton [Id. 8,798]; Jones v. Leach [Id. 7,475]; In re Stansell [Id. 13,293]; In re Clark [Id. 2,802]; In re Iron Mountain Co. [Id. 7,065]; In re Bridgeman [Id. 1,866]; In re Bigelow [Id. 1,396]; In re Lambert [Id. 8,026]; In re Vogel [Id. 16,983]; In re Davis [Id. 3,618]; In re Ruchle [Id. 12,113]; In re Bowie [Id. 1,728]; Lee v. Savings Inst. [Id. 8,188]; In re Rosenberg [Id. 12,055]; In re Snedaker, 3 N. B. R. 155; In re Frizelle [Case No. 5,133]; Bromley v. Smith [Id. 1,922]; In re Merchants' Ins. Co. [Id. 9,441]; Davis v. Anderson [Id. 3,623]; In re Lady Bryan Min. Co. [Id. 7,980]; Smith v. Kehr [Id. 13,071]; In re Cook [Id. 3,151]; In re Haake [Id. 5,883].

See, also, as having a bearing upon the subject, Williams v. Benedict, 8 How. [49 U. S.] 107; Wiswall v. Sampson, 14 How. [55 U. S.] 52; Peale v. Phipps, Id. 368; Taylor v. Carryl, 20 How. [61 U. S.] 583; Freeman v. Howe, 24 How. [65 U. S.] 450; Buck v. Colbath, 3 Wall. [70 U. S.] 334; Stuart v. Hines, 33 Iowa, 60.

The above propositions apply equally to proceedings in the courts, and proceedings in pais for the enforcement of liens and other securities, begun after commencement of proceedings in bankruptcy. In the present case, however, it is unnecessary to go to that extent, or to follow the propositions out to their legitimate results, as affecting proceedings in the courts, because in this case the proceeding was not of that character. It was a proceeding in pais merely, to execute a power of sale contained in the mortgage, in the mode and manner prescribed by the state statutes. As the propositions stated apply to proceedings in the courts where the assignee can appear and oppose, a fortiori they ought to apply to a foreclosure by advertisement in which he cannot. In the present case the foreclosure began after the commencement of proceedings in bankruptcy. I therefore express no opinion as to the cases wherein the foreclosure began before the commencement of proceedings in bankruptcy, and are, without objection, allowed to be completed.

It was objected at the hearing that the bill does not aver that the mortgaged property was of greater value than the mortgage debt, or that the property was sold for an inadequate price, or show in any manner that the estate has been injured by the sale; and it was claimed that for that reason the foreclosure and sale should not be disturbed. It is true the bill contains no such averments, the assignee having planted his claim to have the foreclosure and sale set aside solely upon the ground of want of power and authority in the mortgagee to take the administration of that portion of the assets of the bankrupt's estate covered by his mortgage into his own hands, regardless of the fact that the same was at the time in the custody and under the jurisdiction of the bankrupt court. This a mortgagee cannot do. The bill is therefore maintainable without such averments. If the facts are such as to show that the estate has suffered no injury by the foreclosure and sale, the mortgagee, by proceeding in the bankruptcy court, as he should have proceeded in the first instance, to obtain authority to foreclose and sell, may, no doubt, have the sale confirmed; or, perhaps, as this court now has jurisdiction of the subject matter, such result may be reached in the present suit by way of answer and cross-bill; as to which latter suggestion, however, it is unnecessary at present to express any positive opinion. It is sufficient for the present purpose, that as the case now stands, there is sufficient stated in the bill to maintain the

suit, and, unopposed by any new facts, to entitle the complainant to the relief prayed.

It was also objected at the hearing that the assignee did not procure the foreclosure proceedings to be enjoined before sale, or take any steps whatever in the premises until the redemption had nearly expired, as he ought to have done. The assignee had two years from the time the action accrued in which to commence suit, and he has brought it in the time limited. The proceedings to foreclose were unauthorized and the sale invalid, and I think it would have been equally so if a stranger had become the purchaser. The mortgagee was himself the purchaser, and for a stronger reason the fact that a sale was allowed to take place can confer no rights which the proceedings themselves would not warrant.

The demurrer must be overruled. The defendant will have leave to put in his answer or plea within twenty days from this date.